11 N.J. Super. 498 (1951)
78 A.2d 600
IN THE MATTER OF THE APPLICATION OF THE BOROUGH OF PEAPACK-GLADSTONE FOR EMERGENCY DIVERSION FROM TIGER BROOK, EXTENSION IN TIME (W.S. APPLICATION NO. 572).
Superior Court of New Jersey, Appellate Division.
Argued January 8, 1951.
Decided February 1, 1951.
*499 Before Judges FREUND, PROCTOR and ROGERS.
Mr. Ronald A. Gulick, attorney for and of counsel with appellants, Harrison P. Lindabury, Sara E. Lindabury, Elizabeth Cutting Booker, Neville J. Booker and Samuel MacGregor, argued the cause.
Mr. Robert Peacock argued the cause for the defendant-respondent, Division of Water Policy and Supply of the Department of Conservation and Economic Development (Mr. Theodore D. Parsons, Attorney General of New Jersey).
Mr. Bradford C. Seaman, attorney for and of counsel with defendant-respondent, Borough of Peapack-Gladstone, argued the cause.
*500 The opinion of the court was delivered by PROCTOR, J.A.D.
Appellants, property owners having riparian rights affected by the diversion of water from Tiger Brook in Morris County, challenge the validity of a resolution adopted on June 19, 1950, by the Water Policy and Supply Council, in the State Department of Conservation and Economic Development. The respondents are the Council and the Borough of Peapack-Gladstone of Somerset County.
The resolution authorized the borough to divert water from Tiger Brook for a period ending on September 21, 1951. The resolution recites that it is predicated upon an application of the borough, No. 572, which was made August 7, 1942, and granted September 21, 1942. The resolution further recites the receipt of a letter from the borough, dated May 11, 1950, which requested a "two year extension in time for diversion of Tiger Brook" under the above application. The attorney for appellants, by a letter dated May 17, 1950, requested information of the Council as to whether "legal notice" would be given to property owners affected, if the borough should make application to the Council for permission to divert water from Tiger Brook. The Council, by its secretary, in reply thereto advised the attorney that such an application had been received and that "notice of hearing will be given." No notice was given, in any form, of the hearing of June 19, 1950.
It appears that the resolution of September 21, 1942, gave approval for the diversion for a period of three years. Extensions were granted, the last of which expired on September 21, 1949. On June 16, 1949, the borough filed with the Council an application, No. 689, for permission to divert water from Tiger Brook, which application on January 16, 1950, after notice and hearing, was denied without prejudice.
The validity of the action of September 21, 1942, and of the intervening extensions is not challenged. The only question, which requires our determination, is whether the failure to give notice of the hearing of June 19, 1950, invalidates the resolution of that date.
The original application, No. 572, was made in accordance with R.S. 58:1-18. After public notice, as required by R.S. *501 58:1-19, and hearing, pursuant to R.S. 58:1-20, the decision was rendered on September 21, 1942. A diversion of water for a period of three years by the borough was authorized. This decision, by resolution of the State Water Policy Commission, respondent Council's predecessor, was complete except that the Commission reserved the right to revoke the approval of the borough's application for any violation of the conditions imposed in the decision. The applicant was not given the right to apply for extension of time beyond the three-year period.
Assuming the power in the Council to extend the time originally fixed is implicit in R.S. 58:1-18 et seq., where, as here, the time fixed has expired, it is clear that procedural due process requires notice and an opportunity to be heard be given to the parties whose substantial rights would be affected by such an extension. There cannot be a substantial change in the rights of the parties without a hearing on notice. Handlon v. Town of Belleville, 4 N.J. 99, 107 (1950).
In the present case, not only was no such notice given, but the application for the extension was made after the expiration of the last prior extension, and after a new but similar application had been denied. Moreover, though appellants had been promised an opportunity to be heard, they were not given any notice of the hearing of June 19, 1950.
The failure to give notice of the hearing of June 19, 1950, is fatal to the validity of the resolution of that date. This determination makes it unnecessary to pass upon the other points mentioned in the briefs.
The resolution of June 19, 1950, is set aside. No costs will be allowed.